# Willie A. Brown

## v.

# Warden of the Virginia State Penitentiary

Record No. 881248

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

---

* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

*David E. Boone (Boone, Beale, Carpenter & Cosby*, on brief), for petitioner.

*Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for respondent.

Justice Stephenson delivered the opinion of the Court.

In *Dodson* v. *Director, Dept. of Corrections*, 233 Va. 303, 355 S.E.2d 573 (1987), we held that an indigent accused has a *statutory* right to counsel in an appeal to this Court from the Court of Appeals. However, we were not required to determine the extent of counsel's duty to prosecute an appeal that counsel finds frivolous. In this habeas corpus proceeding, we set forth the procedure to be followed by court-appointed counsel, who, after conscientious examination, finds the appeal to this Court to be "wholly frivolous."

Willie A. Brown, petitioner, was convicted of first degree murder, abduction, and attempted escape in the Circuit Court of the City of Richmond. The court sentenced Brown to life imprisonment for the murder conviction and to 10 years' imprisonment for the abduction conviction. Imposition of sentence was suspended on the attempted escape conviction.

Brown, an indigent, was represented by court-appointed counsel at trial and in his appeal to the Court of Appeals. The sole issue in that appeal was whether the trial court erred in finding Brown guilty of both first degree murder and abduction. Brown contended that convictions on both charges violated the Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States. The Court of Appeals rejected his contention and affirmed the trial court's judgment.

After considering whether to appeal the Court of Appeal's decision to this Court, Brown's court-appointed counsel determined that such appeal would be "totally frivolous." Thus, Brown's court-appointed counsel did not file a petition for appeal to this Court. Counsel explained his actions in an affidavit filed in this Court:

> I considered appealing this decision to the Supreme Court of Virginia. My professional judgment was, and remains, that such an appeal would have been totally frivolous. I concluded that the most meritorious issue — that convictions of both first degree murder and abduction constituted double jeopardy — was, under the facts of the case, controlled by *Simpson* v. *Commonwealth*, 221 Va. 109, 113, 267 S.E.2d 134, 138 (1980). Another decision rendered by the Court of Appeals pending argument in this (*Brown*) case reinforced my confidence in my assessment of the issue.

Invoking the original jurisdiction of this Court, Brown filed a *pro se* petition for a writ of habeas corpus, and we appointed counsel to represent him in this proceeding. Brown alleges that he was denied his right to the effective assistance of counsel because his court-appointed counsel failed to file his petition for appeal from the Court of Appeals to this Court.

Respondent, Warden of the Virginia State Penitentiary, asserts that "[t]he due process right to counsel on appeal extends only to the *first* appeal of right and no further." (Emphasis in original.) Additionally, the Warden contends that court-appointed counsel's actions "were sufficient to satisfy [the] statutory requirement of legal assistance after the first appeal." If, however, we should determine that Brown's counsel was ineffective, the Warden urges us to "define the duties of appointed counsel in the second-level appeal" and grant Brown "a delayed appeal."

The United States Supreme Court previously addressed this issue as it relates to a constitutional right to counsel. *Anders* v. *California*, 386 U.S. 738, *reh'g denied*, 388 U.S. 924 (1967). In *Anders*, the Supreme Court was concerned with "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal . . . after [counsel] has conscientiously determined that there is no merit to the . . . appeal." 386 U.S. at 739. In *Anders*, appointed counsel advised the California District Court of Appeal by letter that he would not file a brief in that court because counsel was of opinion, and had so advised Anders, " 'that there is no merit to the appeal.' " *Id.* at 742. Anders, however, wished to file a brief on his own behalf. After reviewing the record, the District Court of Appeal affirmed Anders' conviction. Anders, thereafter, petitioned the Supreme Court of California for a writ of habeas corpus, and that court dismissed Anders' petition without stating its reasons for the dismissal. *Id.* at 743.

In reversing the California dismissal order, the Supreme Court concluded that "counsel's bare conclusion, as evidenced by his letter, was not enough." *Id.* at 742. The Supreme Court then discussed an advocate's role:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should,

and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability.

*Id.* at 744 (footnote omitted).

■ Next, the Supreme Court set forth counsel's duty:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

■ The Supreme Court reasoned that this requirement would not force appointed counsel to brief his case against his client but would merely afford the indigent defendant that advocacy which a nonindigent defendant is able to obtain. *Id.* at 745. Furthermore, this requirement would induce the court to pursue more vigorously its own review because of the ready references to the record and to the legal authorities furnished it by counsel. *Id.*

■ Although Brown's right to the effective assistance of counsel at the second-level appeal is derived from statute, as opposed to a constitutional right addressed in *Anders*, we conclude, nonetheless, that Brown's court-appointed counsel owed him the same duty as that mandated by *Anders*.

■ Consistent with *Anders*, therefore, we hold that when an indigent's counsel conscientiously determines that an appeal to this Court would be wholly frivolous, he must so advise this Court

and request permission to withdraw. Simultaneously with such request and within the time allotted for perfecting an appeal, counsel shall file a petition for appeal identifying anything in the record that arguably might support the appeal. Counsel shall furnish his client with a copy of the withdrawal request and of the petition for appeal.

If, after a full examination of the record, we conclude that the appeal is wholly frivolous, we will affirm the decision of the Court of Appeals. On the other hand, if we determine that the appeal is not wholly frivolous, we will permit Brown's present counsel to withdraw, appoint other counsel to represent him in his appeal, and allow time for new counsel to file an amended petition for appeal.

We have no doubt about the conscientiousness of counsel's examination of the merits of Brown's appeal. Moreover, Brown's counsel would not be justified in asserting a frivolous position. *See Va. Code of Professional Responsibility* EC 7-4 (1983). Nevertheless, the ultimate decision whether the appeal is wholly frivolous must rest with this Court, not with counsel.

Because Brown's statutory rights were not fully protected in the manner prescribed above, we will grant the writ of habeas corpus and afford Brown the relief prescribed herein.

*Writ granted.*