STATE OF NORTH CAROLINA v. DANNY PAUL DAYBERRY

No. COA98-424

(Filed 17 November 1998)

### 1. Appeal and Error— appellate rules—gross disregard— remand for sanctions

An Anders appeal was remanded to the trial court for a hearing to determine the appropriate sanction against defendant's appointed counsel for gross disregard of the appellate rules.

### 2. Criminal Law— *Anders* brief—no prejudicial error

There was no prejudicial error in a prosecution for second-degree murder, driving while license revoked, driving while impaired, reckless driving, and failure to stop for a stop sign which was submitted on an *Anders* brief.

Appeal by defendant from judgment entered 22 September 1997 by Judge James U. Downs in Rutherford County Superior Court. Heard in the Court of Appeals 10 November 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Tina A. Krasner, for the State.*

*David William Rogers for defendant appellant.*

GREENE, Judge.

On 22 September 1997, Danny Paul Dayberry (Defendant) pleaded guilty to two counts of second-degree murder, to driving while license revoked, to reckless driving, to failure to stop for a stop sign, and to driving while impaired. Judgment was entered and Defendant was sentenced to 151-91 months imprisonment. From his convictions, Defendant appeals.

Defendant's appointed counsel, David William Rogers, was unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal, and has filed an *Anders* brief asking this Court to conduct its own review of the record for possible prejudicial error. Counsel has advised Defendant of his right to file written arguments with this Court and has provided Defendant with the documents necessary for him to do so.

Before addressing the merits of Defendant's appeal, we note that it is particularly important that counsel file an adequate record in cases where an *Anders* brief is filed, so that this Court may fully review the appeal. *State v. Bennett,* 102 N.C. App. 797, 404 S.E.2d 4 (1991) (sanctioning defendant's counsel for failure to file a complete record with his *Anders* brief); *see also Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied,* 388 U.S. 924, 18 L. Ed. 2d 1377 (1967); *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985).

[1] In this case, Defendant's counsel has violated a number of appellate rules. First, counsel has failed to include a statement of the organization of the trial tribunal in the record on appeal. *See* N.C.R. App. P. 9(a)(3)(b). In addition, counsel's *Anders* brief before this Court was untimely filed. *See* N.C.R. App. P. 13(a)(1). Counsel has also failed to file a transcript of the hearing on Defendant's pleas. *See* N.C.R. App. P. 9(c)(3). It was only after this Court telephoned counsel to request the necessary transcript that he forwarded it to us. Finally, and most importantly, counsel has failed to include a copy of the judgment from which Defendant appeals. *See* N.C.R. App. P. 9(a)(3)(g). Counsel appended a copy of this judgment to his *Anders* brief; however, without an appropriate motion to amend the record on appeal, this item is not properly a part of the record. *Dist. Bd. of Metro.*

*Sewerage Dist. v. Blue Ridge Plating Co.*, 110 N.C. App. 386, 391, 430 S.E.2d 282, 287 (1993). Acting in our discretion, however, we allow the judgment to "be included or designated in the record" to facilitate proper appellate review. *Id.*; N.C.R. App. P. 2. In light of counsel's gross disregard of our appellate rules, we remand to the trial court for a hearing to determine an appropriate sanction against Defendant's appointed counsel, David William Rogers. N.C.R. App. P. 34(c) & (d).

[2] The issue is whether the record reveals any issues of arguable merit in Defendant's appeal or whether the appeal is wholly frivolous.

Where counsel is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal, counsel may file an *Anders* brief with this Court asking us to conduct our own review of the record for possible prejudicial error. *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498; *Kinch*, 314 N.C. at 102-03, 331 S.E.2d at 666-67. In addition, counsel must advise the defendant that he or she has the right to file written arguments with this Court, and must provide the defendant with any necessary documents. *Id.*

In this case, counsel has been unable to identify any meritorious issue and has requested this Court to conduct our own review of the record. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to file written arguments with this Court and by providing him with the documents necessary for him to do so. Defendant has not, however, filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In accordance with *Anders*, we have fully examined the record to determine whether it contains any issues of arguable merit or whether the appeal is wholly frivolous. We have found no possible prejudicial error in the record, and therefore conclude that the appeal is wholly frivolous.

No error in the judgment; remanded for sanctions hearing.

Judges TIMMONS-GOODSON and HUNTER concur.