STATE OF NORTH CAROLINA v. CALVIN LAMONTE BROWN

No. COA03-1332

(Filed 6 July 2004)

**Appeal and Error— *Anders* brief—two appeals frivolous— record inadequate on remainder—pro se appeal on *Alford* plea—not cognizable**

In an appeal from five judgments and sentences for burglary and assault submitted on an *Anders* brief, appeal from two of the judgments was frivolous and the record on appeal did not permit review of the remaining three. The case was remanded for appointment of new counsel to bring forward defendant's appeal on those judgments. Defendant's pro se arguments were not cognizable on direct appeal from an *Alford* plea.

Appeal by defendant from judgments dated 21 May 2003 by Judge John O. Craig, III, in Stokes County Superior Court. Heard in the Court of Appeals 15 June 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Samuel L. Bridges for defendant-appellant.*

BRYANT, Judge.

Calvin Lamonte Brown (defendant) appeals from judgments dated 21 May 2003 entered consistent with his *Alford* plea to first-

degree burglary, assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), assault inflicting serious bodily injury, assault with a deadly weapon inflicting serious injury ("AWDWISI"), and conspiracy to commit assault with a deadly weapon inflicting serious injury. Defendant stipulated to facts resulting in a Prior Record Level II. The trial court imposed five aggravated prison sentences, to wit:

(1) 109 to 140 months for AWDWIKISI on 03 CRS 50233;

(2) 77 to 102 months for first-degree burglary in 03 CRS 50234, consecutive to the sentence in 03 CRS 50233;

(3) 24 to 29 months for conspiracy in 03 CRS 50284, consecutive to the sentence in 03 CRS 50234;

(4) a concurrent term of 19 to 36 months for assault inflicting serious bodily injury in 03 CRS 1379; and

(5) a concurrent term of 29 to 44 months for AWDWISI in 03 CRS 50276.

Testimony at the plea hearing tended to show that defendant had enlisted his co-defendants Jerry Hairston and Delante Kelly to retaliate against Bennie Hopper for stealing cocaine from defendant's residence. On 8 February 2003, defendant, Hairston and Kelly went looking for Hopper at 1875 Delta Church Road in Sandy Ridge, North Carolina, Hopper's previous address. After disabling the telephone lines, the three men entered the residence armed with guns and a golf club and assaulted three of the occupants. Defendant and Hairston brutally beat Jerry Lee Ashburn with a golf club, fracturing his skull and leaving him permanently paralyzed on his right side. In addition to losing his house, business, and ability to work, Ashburn incurred medical costs of approximately $170,000, and the additional costs of his ongoing rehabilitation. Michael J. Dalton was knocked unconscious by co-defendants, and was treated and released from the hospital later that night. Michael Shane Dalton was hit in the head with "something" and was kicked several times while on the ground.

After judgment, defendant gave notice of appeal in open court.

---

Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and therefore requests this Court to conduct its own review of the record for possible prejudicial error pursuant to

*Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Counsel advised defendant of his right under *Anders* and *Kinch* to file written arguments with this Court, and defendant has filed *pro se* arguments.

In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom and whether the appeal is wholly frivolous. We conclude the appeal is frivolous as to the judgments entered in 03 CRS 50233 and 50284. Furthermore, we have examined the record for possible prejudicial errors in these judgments and have found none.

Defendant's appellate counsel, however, has failed to include in the record on appeal three of the five judgments entered by the trial court. *See* N.C.R. App. P. 9(a)(3)(g). They are instead attached as an "Appendix" to defendant's appellate brief and therefore are not properly before this Court for review. *State v. Dayberry*, 131 N.C. App. 406, 407, 507 S.E.2d 587, 588 (1998) (where counsel merely appends a copy of a judgment to his brief without a motion to amend the record, such judgment is not a proper part of the record on appeal). Although this Court may amend the record on its own motion to include these judgments, *see id.* (citing N.C.R. App. P. 2), such action would not remedy the insufficiency of the record on appeal. At a minimum, the indictments corresponding to these judgments are needed to assess potential errors in either (1) the use of Ashburn's injuries and expenses as aggravating factors for the assaults upon the Daltons, *see State v. Yelverton*, 334 N.C. 532, 549-50, 434 S.E.2d 183, 193 (1993), or (2) the entry of judgment upon numerous assault convictions for the single assault upon Ashburn, *see State v. Ezell*, 159 N.C. App. 103, 111, 582 S.E.2d 679, 685 (2003). Moreover, the State notes the judgment in 03 CRS 1379 contains an error under the Structured Sentencing grid, N.C. Gen. Stat. § 15A-1340.17(c), (e) (2003), imposing a term of nineteen to thirty-six months for the Class F felony of assault inflicting serious bodily injury.

Because the record on appeal does not permit review of the judgments in 03 CRS 1379, 50234, and 50276, we remand the cause for appointment of new appellate counsel to bring forward the defendant's appeal of right from those judgments. *See Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498.

As the issues raised by defendant in his *pro se* arguments to the Court are not cognizable on direct appeal from his *Alford* plea, *see*

**STATE v. BROWN**

[165 N.C. App. 270 (2004)]

N.C.G.S. § 15A-1444(a1), (a2) (2003), we accordingly note that our ruling in the instant appeal is without prejudice to defendant's right to file a motion for appropriate relief in superior court. *See State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

No error in 03 CRS 50233 and 50284.

Remanded for appointment of new appellate counsel in 03 CRS 1379, 50234, and 50276.

Chief Judge MARTIN and Judge McGEE concur.