STATE of Wisconsin EX REL. Richard A. FORD,
Petitioner,†

v.

Mike HOLM, Warden,
Whiteville Correctional Facility,
Respondent,

OFFICE OF THE STATE PUBLIC DEFENDER,
Intervenor.

Court of Appeals

*No. 2002AP1828–W. Submitted on briefs June 16, 2006.
—Decided August 10, 2006.*

2006 WI App 176

(Also reported in 722 N.W.2d 609.)

† Petition to review denied 11/6/06.

On behalf of the petitioner, the cause was submitted on the briefs of *James R. Troupis* and *Edward J. Pardon* of *Michael Best & Friedrich LLP*, Madison.

On behalf of the respondent, the cause was submitted on the briefs of *James M. Freimuth*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

On behalf of the intervenor, the cause was submitted on the briefs of *Joseph N. Ehmann*, first assistant state public defender of Madison.

Before Dykman, Vergeront and Deininger, JJ.

¶ 1. DEININGER, J.   This case has a long procedural history. *See State ex rel. Ford v. Holm*, 2004 WI App 22, 269 Wis. 2d 810, 676 N.W.2d 500. Ford petitioned for a writ of habeas corpus pursuant to *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992), seeking the reinstatement of his right to a direct appeal of his conviction. He argued that he received ineffective assistance of appellate counsel when the attorney appointed to represent him for purposes of postconviction proceedings and appeal closed his file without filing a postconviction motion, appeal or no-merit report on Ford's behalf. *Ford*, 269 Wis. 2d 810, ¶ 1. We referred the matter to the circuit court to conduct an evidentiary hearing and make factual findings so that we could determine whether Ford knowingly and voluntarily waived his right to pursue a direct appeal of his conviction or, alternatively, whether he knowingly and voluntarily waived his right to be represented by counsel on appeal. *Id.*, ¶ 37. The circuit court made findings and the parties submitted briefs to this court addressing the legal issues.

¶ 2. After reviewing the circuit court's findings, the briefs and the record, we issued a decision on November 17, 2005, in which we granted the writ in part and denied it in part. Following the release of our decision, the Office of the State Public Defender (SPD) moved us to reconsider and requested to intervene.[1] In response to the SPD's requests, we withdrew our November 17, 2005 opinion. Both Ford and the State[2] informed us they did not object to the SPD intervening. Accordingly, we granted the SPD permission to intervene, and it has filed a brief addressing whether Ford "received ineffective assistance of counsel because his [postconviction/appellate] counsel did not file a partial no-merit report." Ford and the State have responded to the SPD's arguments, and we now address Ford's writ petition in light of the supplemental briefing. We deny Ford the relief he seeks.

## ANALYSIS

¶ 3. As we explained in our prior opinion, "[a] person convicted in Wisconsin of committing a crime has a constitutionally guaranteed right to appeal . . . ." *Id.*, ¶ 2. A convicted defendant also has "[t]he right to counsel on direct appeal," which encompasses "the guarantee of effective assistance of counsel on appeal." *State v. Evans*, 2004 WI 84, ¶ 30, 273 Wis. 2d 192, 682 N.W.2d 784. These rights may be waived, but the waiver must

---

[1] The SPD previously participated in this writ proceeding as amicus curiae. *See State ex rel. Ford v. Holm*, 2004 WI App 22, ¶ 13, 269 Wis. 2d 810, 676 N.W.2d 500.

[2] Although the nominal respondent to Ford's petition for a writ of habeas corpus is Mike Holm, warden of the Whiteville Correctional Facility, we will refer to the respondent as "the State."

be intentional, knowing and voluntary. *State v. Albright*, 96 Wis. 2d 122, 131, 291 N.W.2d 487 (1980).

¶ 4.   We first address whether Ford knowingly and voluntarily waived his right to pursue an appeal on an issue that, if he prevailed, would have resulted in his being allowed to withdraw his plea of no contest to second-degree sexual assault. The circuit court's factual findings establish that Ford's postconviction/appellate attorney determined that the plea-withdrawal issue possessed arguable merit, but that Ford affirmatively elected not to pursue any issue that would result in the withdrawal of his plea and the possible reinstatement of a second sexual assault, charge. As we did in our November 17, 2005 decision, we conclude that Ford knowingly and voluntarily waived his right to pursue an appeal challenging the validity of his plea. Accordingly, we reject Ford's claim that he received ineffective assistance of appellate counsel when his attorney did not pursue the plea withdrawal issue.

¶ 5.   With respect to a possible sentence modification, however, which Ford did want to pursue, we reached a different conclusion in our November 17, 2005 decision. Ford argued, the State conceded and we concluded that Ford was entitled to have a no-merit report filed with respect to the sentencing issue that he wished to pursue but which his counsel concluded lacked arguable merit. The circuit court found that Ford's attorney did not offer to file a no-merit report on the sentencing issue because counsel had identified a potentially meritorious issue and concluded that WIS. STAT. RULE 809.32(1)(a) (2003–04)[3] did not require the

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

filing of a no-merit report under these circumstances. *See id.* (requiring counsel to file a no-merit report if appointed counsel "concludes that a direct appeal . . . would be frivolous and without any arguable merit," if the client so requests or does not consent to forgo further representation). We concluded in our November 17, 2005 decision that counsel's failure to file a no-merit report in these circumstances, or to offer to do so, constituted ineffective assistance of appellate counsel.

¶ 6.   We pointed out in the withdrawn opinion that we routinely permit defendants to forgo pursuing arguably meritorious issues for strategic reasons, while still proceeding with a no-merit review on the remaining issues.[4] We concluded that Ford's appointed appellate counsel should have given Ford the option of a no-merit report on the sentencing issue when Ford expressed a desire to pursue relief as to this issue. We said in the prior opinion that, because we would have accepted a no-merit report on the sentencing issue that informed us Ford did not wish to pursue a plea withdrawal, Ford received ineffective assistance of appellate counsel when his attorney failed to offer Ford that option. Accordingly, we ordered the reinstatement of Ford's right to a direct appeal under WIS. STAT. RULE 809.30 with respect to sentencing issues only.

---

[4] The SPD takes issue with this statement. The point is largely irrelevant, however, because we now recognize that our willingness to accept a "partial" no-merit report under circumstances similar to those in this case does not mean that a defendant is constitutionally or statutorily entitled to such a disposition. As we discuss in the remainder of this opinion, counsel's failure to pursue such a course of action cannot be said to violate professional norms for postconviction/appellate counsel, regardless of whether we would have accepted a partial no-merit report had one been submitted.

¶ 7. We conclude that our prior analysis was flawed. We now have the benefit of the SPD's arguments as to why the present record does not establish that the attorney it appointed to represent Ford in postconviction and appellate proceedings provided ineffective representation. We agree with those arguments. The SPD points out that, in our prior decision, we did not address whether Ford was constitutionally or statutorily entitled to a "partial no-merit" report, and we did not consider the applicable "professional norms" by which appellate counsel's performance must be measured. *See Strickland v. Washington*, 466 U.S. 668, 689–90 (1984); *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990) (noting that defendants bear the burden "to overcome a strong presumption that counsel acted reasonably within professional norms.").

■

¶ 8. We recognized in our November 17, 2005 decision that appellate counsel does not need to pursue every issue that a defendant may wish to raise, and, further, if counsel chooses to raise certain arguably meritorious issues, a no-merit report cannot be filed regarding the issues counsel chooses not to pursue. We also recognized that Wis. Stat. Rule 809.32 does not mandate, or even expressly authorize, a "partial no-merit" procedure. We concluded, however, that Ford's appellate counsel's performance was deficient because Rule 809.32 does not prohibit our consideration of partial no-merit reports and we have accepted such reports under similar circumstances in the past. We did not consider, however, whether a partial no-merit report in these circumstances is constitutionally or statutorily required, or whether professional norms for postconviction/appellate counsel required Ford's attorney to proceed as we believed he should have.

125

¶ 9. Underlying the analysis in our prior decision is an unstated conclusion that an indigent defendant has a due process (or, perhaps, equal protection) right to have appointed counsel file a partial no-merit report when counsel identifies an arguably meritorious issue that the defendant does not wish to pursue but also concludes that no other non-frivolous grounds are present to support an appeal. We now agree with the SPD, however, that a no-merit report is neither constitutionally mandated under these circumstances nor required under the holding in *Anders v. California,* 386 U.S. 738 (1967).

¶ 10. The Supreme Court has explained that the procedure it described in *Anders* is but an example of a "prophylactic" procedure that a state may, but is not required to, follow in order to satisfy due process and equal protection concerns when appointed postconviction counsel concludes a given record provides no grounds for postconviction relief. *See Smith v. Robbins,* 528 U.S. 259, 265 (2000). The Court went on to explain in *Robbins* that it found California's "*Wende* procedure . . . to be, in some ways, better than" the Wisconsin procedure set forth in WIS. STAT. RULE 809.32, which the Court had earlier reviewed and found acceptable in *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429 (1988). *See Robbins,* 528 U.S. at 283.

¶ 11. California's *Wende* procedure requires counsel to attest that he or she has reviewed the record and explained counsel's evaluation of the case to the defendant. Counsel must then summarize the procedural and factual history of the case for the reviewing court, without identifying or discussing any issues or expressing any view as to the merits of the case. *Id.* at 265. The Supreme Court explained that this procedure, which it

126

upheld in *Robbins*, avoids the ethical "tension" inherent in the Wisconsin procedure. *Id*. at 281–82. Wisconsin's no-merit procedure requires appointed appellate counsel to inform this court that his or her client's case lacks any non-frivolous issues for appeal and to explain why this is so by raising and then deflating any potential issues. *See* WIS. STAT. RULE 809.32(1)(a) ("The no-merit report shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit.").[5]

---

[5] In comparing California's *Wende* procedure with the Wisconsin procedure that the Supreme Court upheld in *McCoy*, the Court said this:

> [T]he *Wende* procedure appears to be, in some ways, better than the one we approved in *McCoy* and, in other ways, worse. On balance, we cannot say that the latter, assuming, *arguendo,* that they outweigh the former, do so sufficiently to make the *Wende* procedure unconstitutional. The Wisconsin procedure we evaluated in *McCoy*, which required counsel filing an *Anders* brief to explain why the issues he raised in his brief lacked merit, arguably exacerbated the ethical problem already present in the *Anders* procedure. The *Wende* procedure, as we have explained, attempts to mitigate that problem. Further, it appears that in the *McCoy* scheme counsel discussed—and the appellate court reviewed—only the parts of the record cited by counsel in support of the "arguable" issues he raised. The *Wende* procedure, by contrast, requires a more thorough treatment of the record by both counsel and court. On the other hand, the *McCoy* procedure, unlike the *Wende* procedure, does assist the reviewing court by directing it to particular legal issues; as to those issues, this is presumably a good thing. But it is also possible that bad judgment by the attorney in selecting the issues to raise might divert the court's attention from more meritorious, unmentioned, issues. This criticism is, of course, equally applicable to the *Anders* procedure. Moreover, as to the issues that counsel does raise in a *McCoy* brief, the one-sided briefing on why those issues are frivolous may predispose the court to reach the same conclusion. The *Wende* procedure reduces these risks, by omitting from the brief signals that may subtly undermine the independence and thoroughness of the second review of an indigent's case.

*Smith v. Robbins*, 528 U.S. 259, 283–84 (2000) (citations omitted).

¶ 12. We conclude, after reviewing the Supreme Court's analyses in *Robbins,* that Ford's constitutional right to effective representation for the purpose of exercising his right to directly appeal his 1998 conviction did not require his postconviction counsel to offer him the option of a "partial no-merit" report on any potential issues remaining after Ford declined for strategic reasons to pursue an issue having arguable merit. The Supreme Court explained in *Robbins* that the U.S. Constitution requires only that "an indigent's appeal will be resolved in a way that is related to the merit of that appeal," *Robbins,* 528 U.S. at 276–77, and, further, that an indigent's constitutional right is "to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments," *id.* at 278 n.10. We are satisfied that the postconviction representation provided to Ford in this case met these standards.

¶ 13. Finally, we note that competing professional considerations weighed against the filing of a no-merit report on the present facts. As the Supreme Court recognized in *Robbins,* an attorney may well have legitimate ethical qualms about filing a no-merit report under WIS. STAT. RULE 809.32, even when such a report is clearly required by the rule. We conclude that it cannot there-

The SPD asserts in its reply brief that "the *Robbins* majority adopts the position advocated by the [SPD] in *McCoy*: that the Wisconsin rule 'arguably exacerbated the ethical problem already present in the *Anders* procedure' with respect to requiring counsel to brief the case against the client." If the SPD believes the Supreme Court's discussion in *Robbins* provides support for revising the procedure set forth in WIS. STAT. RULE 809.32 in order to reduce the apparent "ethical tensions" created by the present procedure, we encourage it to pursue a petition to the Wisconsin Supreme Court seeking an amendment to the rule, either directly or by encouraging the Judicial Council or the Criminal Law or Appellate Sections of the State Bar to take up the issue.

fore be a violation of "professional norms" to not file a no-merit report when one is not clearly required by the rule or by the Constitution.

## CONCLUSION

¶ 14.    In sum, the failure to file, or to offer to file, a partial no-merit report under the circumstances present in this case is not a violation of applicable "professional norms" for postconviction/appellate counsel. *See Johnson*, 153 Wis. 2d at 127. Ford's counsel's performance was thus not deficient, and counsel did not ineffectively represent Ford with respect to the exercise of his postconviction or appellate rights. Accordingly, we deny Ford the relief he seeks.

*By the Court.*—Writ denied.