WINDOM, Presiding Judge.
Cedric A. Hammond appeals his convictions on two counts of first-degree robbery, see § 13A-8-41, Ala.Code 1975, and his resulting concurrent sentences of 300 months in prison for each conviction.
At approximately 11:00 a.m. on August 6, 2012, Dshaun Stallings entered a branch of the Phenix-Girard Bank, asked for information about opening a checking account, and then left. A short time later, Stallings reentered the bank with Hammond. Both men were wearing sheer hosiery over their faces to obscure their identities, and Stallings was carrying a black bag. Eileen Jones, the branch manager, saw Stallings draw a pistol from the black bag. Stallings then entered Jones’s office, forced Jones to the floor, and took Jones’s purse. Michael Newsome, a teller working at the bank, heard another teller scream, at which point he turned to see Stallings and Hammond. Stallings wielded a pistol while Hammond leapt over the counter behind which Newsome was standing, opened a cash drawer, and stuffed money in his pockets. In total, $7,202 were stolen from the bank.
Stallings and Hammond fled the bank. Although Newsome did not see the men enter a vehicle, Newsome saw what he believed to be their getaway vehicle because, he said, he noticed that the vehicle had been backed into a parking spot directly in front of the entrance to the bank and he saw the vehicle leaving the parking lot immediately after the robbery. New-some described the vehicle as a black Mazda sport-utility vehicle that bore a car tag from the Jay Auto Mall vehicle dealership. Newsome’s description matched the description of a vehicle that had been stolen a few weeks earlier from Jay Auto Mall in Columbus, Georgia.
The stolen Mazda sport-utility vehicle was recovered after the robbery by officers with the Columbus Police Department. Hammond’s fingerprints were found on the vehicle. Further, officers with the Phenix City Police Department interviewed associates of Hammond who *625 stated that Hammond had been in possession of a black Mazda sport-utility vehicle before the robbery. Those same associates were able to identify Hammond in security footage of the robbery as the man who leapt over the counter and removed money from a cash drawer.[1]
I.
Hammond argues that the evidence was insufficient to support his conviction for first-degree robbery in case no. CC-13-378, which stemmed from Hammond’s robbery of Newsome. Specifically, Hammond argues that the State failed to present sufficient evidence that Hammond used or threatened the use of force against Newsome. Specifically, Hammond argues that the State failed to present sufficient evidence that Hammond used or threatened the use of force against Newsome.
Regarding the sufficiency of the evidence, this Court has held:
“In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable, doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App.1983); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Willis v. State.”
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Crim.App.1993).
A person commits first-degree robbery if “in the course of committing a theft he ... [u]ses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance” or “[t]hreatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property” and he “is armed with a deadly weapon or dangerous instrument” or “causes serious physical injury to another.” §§ 13A-8-43 and 13A-8-41, Ala.Code 1976.
Hammond argues that he did not rob Newsome because he was not armed during the robbery, he did not threaten Newsome during the heist, and Newsome never testified to being placed in fear by him. Hammond’s argument, though, neglects to consider § 13A-2-23, Ala.Code 1975, Alabama’s accomplice-liability statute. Section 13A-2-23(2), Ala.Code 1975, states that a person “is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense ... [h]e aids or abets such other *626 person in committing the offense.” “ ‘The words “aid and abet” comprehend all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary.’” Wright v. State, 494 So.2d 936, 937 (Ala.Crim.App.1986) (quoting Sanders v. State, 423 So.2d 348, 350 (Ala.Crim.App.1982), citing in turn Watkins v. State, 357 So.2d 156, 159 (Ala.Crim.App.1977)). In order to convict Hammond of first-degree robbery under a theory of accomplice liability, the State needed to show only that Hammond was aware that Stall-ings was “ ‘armed with the gun during the actual commission of the robbery.’ Ex parte Hannah, 527 So.2d 675, 677 (Ala.1988), on remand, 527 So.2d 678 (Ala.Cr.App.1988).” Wigfall v. State, 710 So.2d 931, 938 (Ala.Crim.App.1997). “Moreover, ‘it is immaterial which one takes the property’ or ‘who personally committed violence against the victim or put the victim in fear’ when pursuing a conviction against joint participants.” Wigfall, 710 So.2d at 938 (quoting Watkins v. State, 551 So.2d 421, 423 (Ala.Crim.App.1988)).
Here, the State presented evidence indicating that Newsome, a teller at the bank, saw Stallings wielding a pistol while Hammond leapt over a counter behind which Newsome was standing and stole money from a cash drawer. Both men were wearing sheer hosiery over their faces and fled the bank together. From that evidence, the jury could have reasonably concluded that Stallings threatened the imminent use of force against Newsome in the course of Hammond’s committing a theft and that Hammond was aware that Stall-ings was armed. As such, this issue does riot entitle Hammond to any relief.
II.
Hammond has not raised a claim with respect to his conviction for first-degree robbery in case no. CC-13-379, which stemmed from Stallings’s robbery of Jones. Instead, Hammond’s appellate counsel has asserted that he has not found any meritorious issues for this Court to review with respect to' this conviction and has attempted to file this portion of his appellate brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
The filing of a “no-merit” brief pursuant to Anders is appropriate only when appellate counsel, after a “conscientious examination” of the record, “finds his case to be wholly frivolous.” Anders, 386 U.S. at 744 (emphasis added). The North Carolina Court of Appeals has stated:
“As noted above, although defendant’s counsel presented argument on a single assignment of-error, he also requested this Court to conduct, pursuant to An-ders, a ‘full examination of the record on appeal for possible prejudicial error ... to determine whether any justiciable issue has been overlooked.’ Counsel acknowledged he was ‘unable to identify any additional issues with sufficient merit to support meaningful argument for relief on appeal.’ Anders applies only where ‘counsel finds his case to be wholly frivolous, after a conscientious examination,’ and submits to the appellate court a brief, ‘referring to anything in the record that might arguably support the appeal,’ with the request that the court conduct an independent review to ascertain possible prejudice. Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. In addition, counsel must advise the defendant that he or she has the right to file written arguments with the appeals court, and counsel must provide the defendant with any necessary documents. See State v. Dayberry, *627 131 N.C.App. 406, 408, 507 S.E.2d 587, 589 (1998).
“The combination of an argued assignment of error coupled .with a request for review pursuant to Anders presents an inconsistent and effectively hybrid appeal that is improper and subject to dismissal by this Court. An Anders brief is based on the ‘conclusion that the appeal is toholly frivolous,’ State v. Kinch, 314 N.C. 99, 102, 331 S.E.2d 665, 666 (1985) (emphasis added), and that there are no issues suitable to assign as error. Accordingly, assignments of error may not be argued and then supplemented with a request for ‘partial’ Anders review. Such a procedure is improper and fails to provide a basis for this Court to conduct an independent examination pursuant to An-ders. A case may be presented either under the purview of Anders as containing no apparent issue for appeal or as a case involving one or more issues suitable for appellate review; logically and procedurally, it cannot be brought forward on appeal as both.”
State v. Grady, 136 N.C.App. 394, 398, 524 S.E.2d 75, 78 (2000); accord People v. Wallin, 167 P.3d 183, 187 (Colo.App.2007) (“Contrary to appellate counsel’s assumption, Anders does not authorize the advancement of a concededly merijless claim in a brief that contains another claim which is purported to have merit.”). See State ex rel. Ford v. Holm, 296 Wis.2d 119, 125, 722 N.W.2d 609, 612 (Wis.Ct.App.2006) (recognizing that “if counsel chooses to raise certain arguably meritorious issues, a no-merit report cannot be filed regarding the issues counsel chooses not to pursue”).
Here, Hammond’s appellate counsel did not find his ease to be wholly frivolous because he raised an arguable issue with respect to one of Hammond’s convictions for first-degree robbery. As such, Hammond’s appellate counsel’s filing of a “partial” Anders brief was improper, and this portion of Hammond’s brief will not be considered on appeal.
Accordingly, the judgment of the circuit court is affirmed.
AFFIRMED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. At the time of trial,- Stallings had pleaded guilty to first-degree robbery.