COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judge O'Brien and Senior Judge Haley
Argued at Richmond, Virginia

**PUBLISHED**

PATRICK EDWARD CORNELL

                  OPINION BY
v.    Record No. 1381-21-2      JUDGE MARY GRACE O'BRIEN
                  NOVEMBER 22, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Paul W. Cella, Judge

    (M.G. Henkle; Henkle Law Firm, on brief), for appellant.  Appellant
    submitting on brief.

    William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
    Attorney General, on briefs), for appellee.

    This case requires us to determine whether an appellant's counsel may file an appellate brief

that substantively addresses certain assignments of error but submits others for our consideration

under *Anders v. California*, 386 U.S. 738 (1967).

    A jury convicted Patrick Edward Cornell ("appellant") of aggravated sexual battery, in

violation of Code § 18.2-67.3.  On appeal, his attorney raises five assignments of error, but states

that two of them are appealed "pursuant to *Anders v. California*, 386 U.S. 738 (1967)."  Counsel

identifies the issues in those two assignments of error, makes the necessary representation under

*Anders*, and moves to withdraw as to those assignments of error only.[1]  He addresses the other three

assignments of error on their merits.

---

[1] On March 11, 2022, we granted appellant's counsel's request for an extension of time to
allow appellant *pro se* to file a supplemental opening brief.  *See* Rule 5A:20(i).

BACKGROUND

We state the facts in the light most favorable to the prevailing party, the Commonwealth. *See Zebbs v. Commonwealth*, 66 Va. App. 368, 373-74 (2016). In 2019, appellant lived with his girlfriend, whose nine-year-old daughter ("K.P.")[2] visited every other weekend. K.P. had her own room and slept on the top bunk of a bunk bed.

One night in early 2019,[3] K.P. woke to find appellant standing next to her bed. Appellant put his hand under her underwear and touched her vagina "in a circular motion" for what "felt like a long time," and then left the room. K.P. felt "a little bit of pain . . . [o]n [her] vagina" after he touched her. Appellant returned and asked if she was "okay, because [she] was crying," and K.P. told him, "[N]o just go."

K.P. woke her mother, who was asleep in the living room, and told her that appellant had touched her vagina and she was afraid he might touch her again if she went back to sleep in her room. K.P.'s mother "checked" K.P.'s vagina, spoke to appellant and smelled his fingers, and then told K.P. to hug appellant and go back to bed, apparently not believing the child.

On October 14, 2020, K.P. reported the abuse to her older stepsister, father, and stepmother. K.P.'s father took her to the police station the next day, where she spoke with an investigator who described her as "polite[,] cooperative[, and] very forthcoming." K.P. explained that she had not reported the incident earlier because her mother did not believe her and she was afraid no one else would believe her either.

At trial, K.P.'s mother testified that when K.P. told her what happened, she "calmed her [daughter] down," took her into the bathroom, and discovered that K.P. had a "nasty" urinary tract

---

[2] We use the child's initials to protect her privacy.

[3] K.P. could not be precise about the date of the crime. She remembered that her mother was pregnant with appellant's child and it was before the "gender reveal" party, which occurred in March 2019. The baby was born on August 8, 2019.

infection. K.P.'s mother stated that K.P. gets these infections frequently and, when she does, she suffers night terrors during which she sits up in bed and talks.

According to K.P.'s mother, appellant told her that he found K.P. sitting up in bed with her eyes closed and he laid her back down, covered her up, and left the room. K.P.'s mother testified that "at one point" she smelled appellant's hands, but she did not elaborate on that testimony.

K.P.'s mother also stated that K.P. tells "little fibs" and has a reputation of "not being very truthful," but she was unaware of her daughter lying about "big things." On rebuttal, K.P.'s counselor testified that K.P. was "usually honest with [her and] also the people in [K.P.'s] life" and is generally known to be truthful. K.P.'s father corroborated this testimony and testified that K.P. is "mostly truthful" with him.

Appellant testified and denied touching K.P., stating that he "would never do something like that." He did not recall the night that K.P. and her mother described in their testimony.

The court denied appellant's motion to strike, and the jury found him guilty of aggravated sexual battery.

At the sentencing hearing, appellant orally moved for a continuance. His counsel explained that he did not receive the presentence report until the preceding week due to slow mail service and, because of his trial schedule, he had only "quickly" reviewed the report with appellant earlier that day. The prosecutor objected because witnesses were present for the hearing. The court denied appellant's motion.

The prosecutor advised the court of a discrepancy between the events described in the presentence report and the evidence presented at trial. She explained that the narrative in the report might be inaccurate because the probation officer who wrote it had not been present at trial. The judge, who had presided over the trial, acknowledged the clarification, and appellant did not object to the introduction of the report. Appellant also moved to amend the sentencing guidelines by

removing the enhancement for K.P.'s emotional injury; however, the court denied his motion. The court sentenced appellant to ten years' imprisonment with all but three years and four months suspended, and three years of supervised probation.

ANALYSIS

I. "Partial" *Anders* Brief

Appellant's counsel notes five assignments of error in his opening brief and presents argument for three of them: (1) that the Commonwealth failed to prove his intent was to sexually gratify himself when touching K.P.; (2) that the evidence was insufficient based on K.P.'s lack of credibility; and (3) that the court erred in denying his motion to continue sentencing. Counsel also assigns two other errors: (1) that the Commonwealth failed to establish the time frame of the offense; and (2) that the court erred by including the emotional-injury enhancement on the sentencing guidelines. For these assignments of error, he asks this Court to review the record pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moves to withdraw. No Virginia court has specifically addressed whether an appellant's counsel may file a "hybrid" or "partial" *Anders* brief on behalf of his client, asserting that some assignments of error are legally meritorious while others are frivolous.[4]

---

[4] We note that many other jurisdictions have declined to permit partial *Anders* briefs. *See State v. Grady*, 524 S.E.2d 75, 78 (N.C. Ct. App. 2000) (holding that "[a] case may be presented either under the purview of *Anders* as containing *no* apparent issue for appeal or as a case involving one or more issues suitable for appellate review; logically and procedurally, it cannot be brought forward on appeal as both"); *see also Hammond v. State*, 201 So. 3d 623, 627 (Ala. Crim. App. 2015) (finding appellant "raised an arguable issue with respect to one of [his] convictions" and therefore "appellate counsel's filing of a 'partial' *Anders* brief was improper, and this portion of [the] brief will not be considered on appeal"); *People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) ("*Anders* does not authorize the advancement of a concededly meritless claim in a brief that contains another claim which is purported to have merit.").

In 1967, the United States Supreme Court established a procedure for an attorney who concludes that his client's appeal of a criminal conviction completely lacks legal merit in *Anders v. California*:

> [I]f counsel finds his *case* to be *wholly* frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support *the appeal*. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether *the case* is *wholly* frivolous.

386 U.S. at 744 (emphases added).

The Virginia Supreme Court used similarly comprehensive language when addressing an indigent defendant's right to an *Anders* procedure for a case appealed from the Court of Appeals:

> Consistent with *Anders*, therefore, we hold that when an indigent's counsel conscientiously determines that *an appeal* to this Court would be wholly frivolous, he must so advise this Court and request permission to withdraw. Simultaneously with such request[,] . . . counsel shall file a petition for appeal identifying anything in the record that arguably might support *the appeal*. . . . If, after a full examination of the record, we conclude that *the appeal* is *wholly* frivolous, we will affirm the decision of the Court of Appeals. On the other hand, if we determine that the appeal is not wholly frivolous, we will permit [a defendant's] present counsel to withdraw, appoint other counsel to represent him *in his appeal*, and allow time for new counsel to file an amended petition for appeal.

*Brown v. Warden of Va. State Penitentiary*, 238 Va. 551, 555-56 (1989) (emphases added).

Likewise, in *Akbar v. Commonwealth*, 7 Va. App. 611, 612 (1989), this Court referred to counsel's motion to withdraw because of "his assessment that *the appeal* is frivolous." (Emphasis added). We held that "[counsel] may [withdraw] only after asserting as an advocate in his client's behalf all arguments 'that might arguably support *the appeal*.'" *Id.* (emphasis added) (quoting

- 5 -

*Anders*, 386 U.S. at 744); *see also* Rule 5A:20(i) (stating that the *Anders* procedure applies when "counsel for appellant finds *the client's appeal* to be without merit" (emphasis added)).[5]

The procedure set out in *Anders*, 386 U.S. at 744, reiterated in *Brown*, 238 Va. at 555-56, and *Akbar*, 7 Va. App. at 612, contemplates a situation in which counsel files an appeal asserting that the alleged errors are, in their entirety, "wholly frivolous." This precedent does not support permitting counsel to present both frivolous and nonfrivolous issues in the same brief and then seek to withdraw as to those frivolous issues to allow *pro se* briefing. "[A] court need not permit "'hybrid' representation.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 242 (2022) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 503 (2005)).

Indeed, requiring appellate counsel to present only nonfrivolous assignments of error or conclude that the appeal is wholly frivolous is consistent with the purpose of the *Anders* procedure. The *Anders* procedure seeks to reconcile the tension between an attorney's obligation to preserve the client's right to an appeal and an attorney's duty "not [to] bring or defend a [frivolous] proceeding." Va. Rules of Pro. Conduct r. 3.1[6]; *see also Anders*, 386 U.S. at 741, 743; *Smith v. Robbins*, 528 U.S. 259, 278 (2000) (stating that an indigent party's right to appellate counsel "does not include the right to counsel for bringing a frivolous appeal. . . . The obvious goal of *Anders* was to prevent this limitation on the right to appellate counsel from swallowing the right itself."). If an attorney can identify and raise nonfrivolous issues on appeal, then there is no *Anders* concern; the client's right to appeal is preserved, and there is no conflict between the two duties.

---

[5] We note that Standard 10.3.3(B) of the Standards of Practice for Appellate Defense Counsel, established by the Virginia Indigent Defense Commission pursuant to a legislative mandate in Code § 19.2-163.01(A)(4), directs counsel to the *Anders* procedure "when counsel determines there are *no meritorious issues* to support an appeal." (Emphasis added).

[6] Rule 3.1 of the Virginia Rules of Professional Conduct states, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." *Accord* Model Rules of Pro. Conduct r. 3.1 (Am. Bar Ass'n 2020).

Moreover, holding that partial *Anders* briefs are not permitted is a logical application of the United States Supreme Court's holding in *Jones v. Barnes*, 463 U.S. 745, 750 (1983), that no constitutional duty requires counsel to "raise every nonfrivolous issue requested by the client." *See also Townes v. Commonwealth*, 234 Va. 307, 320 (1987). If a defendant has "[no] constitutional right to compel appointed counsel to press *non*frivolous points . . . [when] counsel, as a matter of professional judgment, decides not to present those points," then a defendant certainly has no right to compel counsel to press *frivolous* points. *Jones*, 463 U.S. at 751 (emphasis added). To hold otherwise would "disserve the very goal of vigorous and effective advocacy that underlies *Anders*." *Id.* at 754.

Therefore, we hold that "partial" or "hybrid" *Anders* briefs are not permitted. Accordingly, we decline to consider appellant's assignments of error raised pursuant to *Anders*, deny counsel's motion to withdraw as to those issues, and decline to consider the *pro se* supplemental brief. We review counsel's three remaining assignments of error.

## II. Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to support his conviction because the Commonwealth failed to prove that he "intended to sexually gratify himself when touching the minor victim."

"When the sufficiency of the evidence is challenged on appeal, [this Court] must 'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" *Austin v. Commonwealth*, 60 Va. App. 60, 65 (2012) (quoting *Commonwealth v. McNeal*, 282 Va. 16, 20 (2011)). "This deferential standard 'requires [the Court] to "discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn'"

from that evidence." *Williams v. Commonwealth*, 71 Va. App. 462, 483-84 (2020) (second alteration in original) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)).

Under Code § 18.2-67.3(A)(1), "[a]n accused is guilty of aggravated sexual battery if he or she sexually abuses" a victim who is less than thirteen years old. "Sexual abuse" is defined as "an act committed with the intent to sexually molest, arouse, or gratify any person" when "[t]he accused intentionally touches the complaining witness's intimate parts." Code § 18.2-67.10(6)(a). We have described "molest" as "to meddle or interfere with unjustifiably[,] often as a result of abnormal sexual motivation." *Pulliam v. Commonwealth*, 55 Va. App. 710, 715 n.2 (2010) (quoting *Molest*, *Webster's Third New Int'l Dictionary* (1993)). The Commonwealth was required to prove that appellant's intent was to "molest, arouse, or gratify" any person. Code § 18.2-67.10(6).

Whether the required intent exists is "a question of fact for the trier of fact"—in this case, the jury. *Brown v. Commonwealth,* 68 Va. App. 746, 787 (2018) (quoting *Nobles v. Commonwealth*, 218 Va. 548, 551 (1977)). "[I]ntent may be, and most often is, proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts." *Secret v. Commonwealth*, 296 Va. 204, 229 (2018) (quoting *Viney v. Commonwealth*, 269 Va. 296, 301 (2005)). Appellant only challenges the sufficiency of the evidence to support a finding that he intended to sexually gratify himself; however, the jury could have also found that appellant's intent was to molest K.P "as a result of abnormal sexual motivation." Code § 18.2-67.10(6); *Pulliam*, 55 Va. App. at 715 n.2.

Here, the jury properly considered not only K.P.'s description of the events, but also appellant's contention that he never touched K.P. inappropriately. Appellant did not testify that he

was in K.P.'s bedroom for any benign purpose; he simply denied that the entire incident occurred.[7] The jury was free to disregard his testimony, believe K.P., and conclude that appellant was "lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). The jury's finding that appellant intended to sexually gratify himself or molest K.P. is not "plainly wrong or without evidence to support it." *Austin*, 60 Va. App. at 65 (quoting *McNeal*, 282 Va. at 20). Accordingly, we will not disturb the jury's determination that the Commonwealth proved the necessary elements of the offense.

### III. K.P.'s Credibility

Although appellant argues that the evidence was insufficient to support his conviction because K.P.'s testimony "clearly was unworthy of belief," he concedes that he did not preserve this issue for appeal. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."

Appellant seeks to invoke the ends of justice exception to Rule 5A:18, but he argues nothing in support of his claim that his conviction is a "manifest injustice." In determining whether the exception applies, the Court considers two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017) (quoting *Commonwealth v. Bass*, 292 Va. 19, 27 (2016)) (considering similar exception in Rule 5:25). "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). "In order to avail

---

[7] K.P.'s mother testified that on the night of the assault, appellant said he merely laid K.P. back down after finding her sitting up in bed with her eyes closed, covered her up, and left.

oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Conley*, 74 Va. App. at 683 (quoting *Holt*, 66 Va. App. at 210).

Appellant fails to carry his burden to establish a manifest injustice, and his contentions do not constitute an extraordinary situation mandating the ends of justice exception. *Id.* at 682. Appellant merely claims that K.P. was not a credible witness because her mother "provided an unrebutted, alternate explanation" for the incident and her mother testified that K.P. had "the character trait of not being very truthful." K.P.'s testimony is not rendered "inherently incredible" merely because of her mother's contradictory testimony. *See Fisher v. Commonwealth*, 228 Va. 296, 299-300 (1984). The factfinder's conclusions on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness's] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991) (quoting *Fisher*, 228 Va. at 299). The factfinder is "free to believe or disbelieve, in part or in whole, the testimony of any witness." *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc). The jury simply credited K.P.'s testimony over her mother's and did not do so arbitrarily; K.P.'s mother's testimony did not directly impeach K.P.'s account of the crime, and, although her mother testified that K.P. tells "little fibs," she conceded on cross-examination that she was unaware of K.P. lying about "big things." K.P.'s mother's comments about her daughter's reputation for truthfulness were also rebutted by K.P.'s father and counselor.

The record reflects that appellant had ample opportunity to cross-examine K.P. and introduce evidence putting her credibility at issue; nothing in the record rendered K.P.'s testimony "inherently incredible" or "contrary to human experience." *Robertson*, 12 Va. App. at 858 (quoting

*Fisher*, 228 Va. at 299). Because appellant failed to show that a miscarriage of justice occurred, we will not apply the ends of justice exception.

## IV. Motion to Continue the Sentencing Hearing

Appellant argues that the court abused its discretion by denying his motion to continue the sentencing hearing because the judge "ignored" counsel's proffer that he received the presentence report late and did not have enough time to review it with appellant due to counsel's trial schedule. Appellant contends he was prejudiced because if he had more time to review the report, he would have raised the "significant discrepancy" between the narrative of events in the report and the evidence presented at trial.

"The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." *Hall v. Commonwealth*, 296 Va. 577, 587 (2018) (quoting *Va. Fuel Corp. v. Lambert Coal Co.*, 291 Va. 89, 104 (2016)). "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007); *see also Bailey v. Commonwealth*, 73 Va. App. 250, 265-66 (2021).

Appellant has not established either that the court abused its discretion by denying the continuance or that he was prejudiced by the denial. As the Virginia Supreme Court has stated, "[m]ere reference to a need for more time to prepare is insufficient to show that a continuance was improperly denied." *Ortiz v. Commonwealth*, 276 Va. 705, 723 (2008). Additionally, not only did the court not "ignore" counsel's concerns about receiving the report late, the judge directly addressed the basis for counsel's request, stating that he "underst[oo]d [counsel's] position" but needed to proceed, given the presence of the Commonwealth's witnesses. Further, at the very beginning of the hearing, the prosecutor addressed the discrepancy between the narrative in the

- 11 -

report and the trial testimony, and the judge, who presided over the trial, acknowledged it.  For these reasons, the court did not abuse its discretion, and appellant was not prejudiced by the court's denial of his motion for a continuance.

CONCLUSION

Because we have held that partial *Anders* briefs are not permitted, we decline to consider the assignments of error raised pursuant to *Anders*.  We decline to apply the ends of justice exception to address appellant's contention that K.P.'s testimony was inherently incredible, and we find no error in the jury's determination that all elements of the crime were established.  Finally, we hold that the court did not abuse its discretion by denying appellant's motion for a continuance.  Accordingly, we affirm the court's judgment.

*Affirmed.*