STATE OF NORTH CAROLINA v. PLUMMER RUFFIN

No. 877SC1238

(Filed 19 July 1988)

1. **Burglary and Unlawful Breakings § 3 — location of offense — variance between indictment and proof not fatal**

   Because the location of the offense is not an element of first degree burglary, the variance between the proof at trial and defendant's indictment did not constitute grounds to arrest the judgment.

2. **Criminal Law § 9; Burglary and Unlawful Breakings § 5.3 — breaking and entering not done by defendant — acting in concert — sufficiency of evidence**

   Defendant's contention that he could not be charged with burglary because he neither procured nor participated in breaking and entering was without merit where defendant took the principals to a dwelling at night, furnished them with metal pipes, and told them to "rough up" the inhabitants, and it was a natural and probable consequence of the instructions that the principals would break and enter to accomplish that purpose. N.C.G.S. § 14-5.2.

3. **Criminal Law § 79 — separate crimes committed during conspiracy by principals — defendant not prejudiced**

   Even if the trial court in a burglary and assault prosecution of an accessory before the fact erred in admitting testimony concerning sexual assaults and robberies committed by the principals, such error was harmless where the uncontradicted evidence showed that one victim was beaten with pipes, punched, kicked, knocked down, and twice had plates broken across her face; the other victim was threatened at gunpoint, punched, kicked, and repeatedly

beaten with pipes; both suffered extensive bruising; one victim had two fingers broken and the other had a thumb broken; 100 stitches were required to close one victim's multiple head wounds; and, since defendant instructed the principals to "rough up" the victims, there was no reasonable possibility that the evidence of the rapes and robbery affected the verdict. N.C.G.S. § 8C-1, Rules 401, 404(b).

**4. Criminal Law § 138.40— sentence—mitigating factor of acknowledgment of wrongdoing—confession challenged at trial—no mitigating factor**

Where defendant, two days before his arrest, gave a statement admitting his involvement in the crime to the SBI, but challenged introduction of that statement at trial, he could not rely on the statement to show the mitigating factor of voluntary acknowledgment of wrongdoing to a law enforcement officer. N.C.G.S. § 15A-1340.4(a)(2)(l).

APPEAL by defendant from *Henry L. Stevens, III, Judge.* Judgment entered 30 July 1987 in Superior Court, WILSON County. Heard in the Court of Appeals 31 May 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney General LaVee Hamer Jackson, for the State.*

*Farris & Farris, P.A., by Robert A. Farris, Jr. and Thomas J. Farris, for defendant-appellant.*

BECTON, Judge.

Defendant, Plummer Ruffin, was convicted of first degree burglary, assault with a deadly weapon with intent to kill inflicting serious injury, and assault with a deadly weapon inflicting serious injury. He was sentenced to fifty-nine years imprisonment. The defendant appeals, arguing that the trial court erred by: (1) denying his motion to dismiss and his motion to set aside the verdict as being against the greater weight of the evidence; (2) admitting evidence of crimes for which defendant was neither charged nor tried; (3) failing to give defendant's requested jury instruction regarding who leased the premises where the burglary occurred; and (4) failing to find a mitigating factor on his behalf at sentencing. We find no prejudicial error.

I

At trial, the State presented evidence, including a written statement by the defendant, tending to show that in November of 1986, defendant asked his nephew and three other men to go to Saratoga, North Carolina and beat up Mrs. Rosa Epps and her

boyfriend, William Earl Roberson. Mrs. Epps had once lived with the defendant but left him to live with Mr. Roberson. On the night of 5 January 1987, the defendant drove the four other men to Saratoga and dropped them off at a bridge near Rosa's house. He gave each of them a two and one-half foot solid aluminum pipe and instructed them to "rough up" Rosa and her boyfriend. Defendant further stated that he would pay them $50 each.

There is some conflict in the evidence as to how the men gained entry into the house. One of the principals testified that he tried to open the door by reaching through a pane of already broken glass, but could not unlock the door. He also stated that Mr. Roberson opened the door from within while attempting to escape. Rosa Epps and William Roberson testified that the four males attempted on two occasions to gain entry by asking to use the telephone or the bathroom and finally succeeded by kicking the door in. Once inside, the men beat Mrs. Epps and Mr. Roberson; two of them raped Mrs. Epps; and three of them raped her twelve-year-old daughter. One took approximately $220 and some jewelry from Mrs. Epps. The defendant was not physically present at the scene, although later that night he picked up the four men near the Epps household and drove them back to Wilson, North Carolina.

II

Defendant contends that the trial court erred in denying his motions to dismiss and to set aside the verdict as being against the greater weight of the evidence. At trial, these motions related to all charges, but defendant's arguments on appeal are confined solely to the burglary charge. Defendant argues, first, that the evidence at trial failed to correspond to the indictment, and second, that there is no evidence the defendant procured or participated in the burglary.

A

[1] The defendant was charged in an indictment with the crime of first degree burglary by breaking into the dwelling house of Rosa Epps, located at Route 1, Box 281, Stantonsburg, North Carolina, at nighttime while the house was occupied. All the evidence at trial was to the effect that the house in question was located in Saratoga, not Stantonsburg. Defendant admits the indictment is

not fatally defective on its face; however, he argues that the location of the house is important to apprise him of the proper charge, that the judgment should be arrested, that the indictment should be dismissed, and that a superseding indictment with the proper town should be drawn.

Regarding the county of an alleged offense, this Court has held that "a variance between the allegations in the indictment and [the] proof at trial," is not fatal error so long as the location of the offense is not an element of the crime. *See State v. Gardner*, 84 N.C. App. 616, 619, 353 S.E. 2d 662, 664 (1987); *State v. Currie*, 47 N.C. App. 446, 267 S.E. 2d 390, *cert. denied*, 301 N.C. 237, 283 S.E. 2d 134 (1980). The elements of first degree burglary are: (1) breaking and entering; (2) of the dwelling house of another; (3) in the nighttime; and (4) with the intent to commit a felony therein. *State v. Williams*, 314 N.C. 337, 355, 333 S.E. 2d 708, 720 (1985). Because the location of the offense is not an element of first degree burglary, the variance between the proof at trial and defendant's indictment does not constitute grounds to arrest the judgment.

B

[2]   N.C. Gen. Stat. Sec. 14-5.2 (1986) abolishes "all distinctions between accessories before the fact and principals to the commission of a felony," and states that "[e]very person who . . . would have been guilty as an accessory before the fact to any felony shall be guilty and punishable as a principal to that felony." *Id.* "An accessory before the fact is one who is absent from the scene when the crime was committed but who procured, counselled, commanded or encouraged the principal to commit it." *State v. Benton*, 276 N.C. 641, 653, 174 S.E. 2d 793, 801 (1970); *State v. Wiggins*, 16 N.C. App. 527, 529, 192 S.E. 2d 680, 682 (1972). To convict a defendant on this theory, the State must also show that the principal committed the crime. *State v. Hunter*, 290 N.C. 556, 576, 227 S.E. 2d 535, 547 (1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed. 2d 539 (1977). The evidence at trial tended to show that on the night of 5 January 1987, defendant transported four men to Saratoga, provided them with aluminum pipes and instructed them to "rough up" Mrs. Epps and Mr. Roberson. It further showed that the men did in fact break into the dwelling and assault the inhabitants.

The defendant contends, however, that he cannot be charged with burglary because he neither procured nor participated in breaking and entering. This argument is without merit. An accessory is guilty of any other crimes committed by the principal which are the natural or probable consequence of the common purpose. *State v. Westbrook*, 279 N.C. 18, 41-2, 181 S.E. 2d 572, 586 (1971), *death sentence vacated*, 408 U.S. 939, 92 S.Ct. 2873, 33 L.Ed. 2d 761 (1972); *State v. Lovelace*, 272 N.C. 496, 498, 158 S.E. 2d 624, 625 (1968). Given that the defendant took the principals to the dwelling at night, armed them and told them to "rough up" the inhabitants, it is a natural and probable consequence of the instructions that the principals would break and enter to accomplish that purpose. Therefore, the trial court did not err in denying defendant's motion to dismiss or his motion to set aside the conviction of first degree burglary.

## III

[3] The defendant next contends that the trial court committed reversible error by admitting in evidence, over defendant's objection, testimony about acts of the principals (sexual assault and robbery) for which defendant was neither charged nor tried. The court overruled his objections on the grounds that the evidence was admissible under Rule 404(b) of the North Carolina Rules of Evidence, N.C. Gen. Stat. Sec. 8C-1 (1986). Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *Id*. Although the rule goes on to list some permissible uses of this kind of evidence, it pertains only to other acts of the defendant and thus has no application to the case at bar. In its brief, the State argues that the evidence is also admissible as part of the chain of circumstances or "res gestae," but relies entirely upon a case decided well before the adoption of the North Carolina Rules of Evidence in July 1984. *See State v. Burleson*, 280 N.C. 112, 184 S.E. 2d 869 (1971). Under the Rules, the critical inquiry is whether the evidence is relevant, that is, whether it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. Arguably, the trial court could have found, considering the totality of the circumstances, that the evidence of rape and

robbery could not be reasonably separated from the testimony concerning the offenses charged and was therefore relevant.

We need not address this issue, however, because we conclude that even if there was error, it was harmless. When there is no reasonable possibility the error affected the verdict, the error is harmless. N.C. Gen. Stat. Sec. 15A-1443(a) (1983); *State v. Milby*, 302 N.C. 137, 142, 273 S.E. 2d 716, 720 (1981).

There was ample evidence for the jury to convict the defendant on the charges leveled against him. The State offered uncontradicted testimony that Mrs. Epps was beaten with pipes, punched, kicked, knocked down, and twice had plates broken across her face. Other uncontradicted testimony indicated that Mr. Roberson was threatened at gunpoint, punched, kicked and repeatedly beaten about the head and back with pipes. Both Epps and Roberson suffered extensive bruising. Two of Mrs. Epps' fingers were broken, one of Mr. Roberson's thumbs was broken, and 100 stitches were required to close his multiple head wounds. Thus, since defendant instructed the principals to "rough up" Mrs. Epps and Mr. Roberson, there is no reasonable possibility that the evidence of the rapes and robbery affected the verdict. This assignment of error is overruled.

IV

The defendant further argues that the trial court erred in failing to instruct the jury that a person cannot legally break into his own home. There was no evidence at trial that the residence belonged to the defendant, and his argument is without merit.

V

[4] Next, the defendant argues that the trial court erred in failing to find as a mitigating factor that "[p]rior to arrest . . . defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." N.C. Gen. Stat. Sec. 15A-1340.4(a)(2)(l) (1983). Two days before his arrest, defendant gave a statement admitting his involvement to the State Bureau of Investigation. At trial, defense counsel challenged the introduction of that statement. Our Supreme Court has held that when a defendant "moves to suppress a confession, he repudiates it and is not entitled to use evidence of the confession to prove this mitigating circumstance." *State v. Smith*, 321 N.C. 290, 292, 362

S.E. 2d 159, 160 (1987). We are compelled by the *Smith* decision to hold that, by challenging the introduction of the statement, the defendant forfeited its mitigating value.

Defendant also contends that the court erred by imposing the maximum sentence for first degree burglary. Burglary in the first degree is a class C felony, N.C. Gen. Stat. Sec. 14-52 (1986), and punishable by imprisonment up to fifty years, N.C. Gen. Stat. Sec. 14-1.1(a)(3) (1986), with a presumptive sentence of fifteen years. N.C. Gen. Stat. Sec. 15A-1340.4(f)(1). When the trial court "imposes a prison term for a felony that differs from the presumptive term," it must specifically list findings of aggravation and mitigation. Section 15A-1340.4(b). To impose a sentence greater than the presumptive term, the judge must find that the aggravating factors outweigh the mitigating ones. *Id.* "The question whether to increase the sentence above the presumptive term, and if so, to what extent remains within the trial judge's discretion." *State v. Davis*, 58 N.C. App. 330, 333, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 492 (1982). The sentence will not be disturbed if the record supports the court's determination. *Id.* at 335, 293 S.E. 2d at 662. In the present case, the trial court made specific findings of aggravation and mitigation. It further found that the matters in aggravation outweighed the matters of mitigation. Finally, defendant points to nothing in the record to indicate that the court abused its discretion by imposing the maximum sentence for the first degree burglary conviction.

For the aforementioned reasons, we find that defendant received a fair trial free from prejudicial error.

No error.

Judges WELLS and PHILLIPS concur.