STATE OF NORTH CAROLINA v. REGINALD SHERWOOD GRADY

No. COA98-1192

(Filed 18 January 2000)

**1. Indictment and Information— address—correction— unnecessary to set out offense—no misleading of charge by substitution**

The trial court did not err by allowing the State's pre-evidentiary motion to amend a count of the indictment charging keeping and maintaining a dwelling for the use of a controlled substance to the correct address of 929 Dollard Town Road, instead of 919 Dollard Town Road, because: (1) specific designation of the address of the dwelling at issue was unnecessary to set out the offense of maintaining a dwelling under N.C.G.S. § 90-108(a)(7); (2) the amendment did not substantially alter the charge set forth in the indictment; and (3) defendant could not have been misled or surprised as to the nature of the charges against him by this substitution.

STATE v. GRADY

[136 N.C. App. 394 (2000)]

2. **Criminal Law— controlled substances—keeping and maintaining a dwelling—continuous offense—separate convictions**

Although assignment of error may not be argued and then supplemented with a request for "partial" Anders review, the Court of Appeals exercised its discretionary power pursuant to Rule 2 to consider defendant's pro se argument concerning undercover purchases of drugs made by the same officer at the same dwelling and concluded this case must be remanded because two convictions of keeping and maintaining a dwelling for purposes related to use, storage, or sale of controlled substances under N.C.G.S. § 90-108(a)(7) violates the constitutional prohibition against double jeopardy since the offense is a continuing offense.

Appeal by defendant from judgments entered 16 April 1998 by Judge Quentin T. Sumner in Wayne County Superior Court. Heard in the Court of Appeals 19 August 1999.

*Michael F. Easley, Attorney General, by Thomas B. Wood, Assistant Attorney General, for the State.*

*Adrian M. Lapas for defendant-appellant.*

*Reginald S. Grady, defendant-appellant, pro se.*

EDMUNDS, Judge.

Defendant appeals judgments entered upon convictions by a jury of trafficking in cocaine by possession; trafficking in cocaine by selling; and two counts respectively of possession with intent to sell and deliver a controlled substance, sale of a controlled substance, and keeping and maintaining a dwelling for the use of a controlled substance (maintaining a dwelling). While the record on appeal contains nine assignments of error, defendant's counsel has advanced but one in his appellate brief, *see* N.C. R. App. P. 28(a), (b)(5) (assignments of error not set forth in appellant's brief deemed abandoned), requesting this Court to otherwise conduct an independent review pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493 (1967), for possible prejudicial error. For reasons set out in detail below, we elect to exercise our discretion and consider this appeal pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 2 ("[t]o prevent manifest injustice to a party . . . appellate [court] may . . . suspend or vary the requirements . . . of any of [the appellate] rules").

The State's evidence at trial showed the following: On 22 July 1997, Officer Donald Richard-Smith (Officer Richard-Smith) of the Wilson Police Department, was assigned to work undercover operations with the Goldsboro-Wayne County Drug Squad. Officer Richard-Smith accompanied a confidential informant to a trailer at 929 Dollard Town Road in Goldsboro and purchased eight pieces of crack cocaine from a man named "Reggie," identified as defendant, for $200.00. Officer Richard-Smith subsequently purchased crack cocaine from defendant at the same address on 14 August 1997 and 22 August 1997. A certified forensic chemist determined the weight of the cocaine purchased on the three occasions respectively to be 1.8 grams, 12.7 grams, and 37.6 grams.

Defendant was convicted on all charges and sentenced to consecutive prison terms of thirty-five to forty-two months on each trafficking offense, eleven to fourteen months on each possession and sale offense, and eight to ten months on each maintaining a dwelling offense. Defendant timely appealed.

[1] In his single argument asserting error, counsel for defendant contends the trial court improperly allowed the State to amend Count III of the indictment. The indictment erroneously alleged in Count III that the address of the dwelling where controlled substances were maintained was "919 Dollard Town Road," when the correct address was "929 Dollard Town Road," as recited in Count VIII of the indictment. Over defendant's objection, the trial court permitted Count III to be amended to reflect the correct address of 929 Dollard Town Road. We conclude the trial court committed no prejudicial error in its ruling.

"A bill of indictment may not be amended," N.C. Gen. Stat. § 15A-923(e) (1999), and is considered to have been amended if there is "any change in the indictment which would *substantially* alter the charge set forth in the indictment," *State v. Carrington*, 35 N.C. App. 53, 58, 240 S.E.2d 475, 478 (1978) (emphasis added). Thus, while " 'the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense,' " *State v. Simmons*, 57 N.C. App. 548, 551, 291 S.E.2d 815, 817 (1982) (citation omitted), a non-essential variance is not fatal to the charged offense, *see State v. Qualls*, 130 N.C. App. 1, 8, 502 S.E.2d 31, 36 (1998), *aff'd*, 350 N.C. 56, 510 S.E.2d 376 (1999). Moreover, if an indictment contains an averment unnecessary to charge the offense, such averment may be disregarded as inconsequential sur-

plusage. *See State v. Lewis*, 58 N.C. App. 348, 354, 293 S.E.2d 638, 642 (1982).

Section 90-108 provides that it shall be unlawful for any person

[t]o knowingly *keep or maintain* any store, shop, warehouse, dwelling house, building . . . or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

N.C. Gen. Stat. § 90-108(a)(7) (1997) (emphasis added).

We first observe that specific designation of the address of the dwelling at issue was unnecessary to set out the offense of maintaining a dwelling in either Count III or Count VIII of the instant indictment. *See State v. Ruffin*, 90 N.C. App. 705, 708, 370 S.E.2d 275, 276 (1988) (holding that " 'variance between the allegations in the indictment and [the] proof at trial,' [is] not fatal[] so long as the location of the offense is not an element of the crime") (citation omitted). The statutory recitation of the elements of maintaining a dwelling contains no provision requiring delineation of the location of the dwelling as an element of the offense. *See id.* at 708, 370 S.E.2d at 277 (stating that although the breaking and entering of a dwelling house constitute elements of first-degree burglary, "location of the offense" is not an element of that crime). The amendment allowed by the trial court thus did not affect an averment necessary to charge the offense of maintaining a dwelling, *see Lewis*, 58 N.C. App. at 354, 293 S.E.2d at 642, and did not "substantially alter the charge set forth in the indictment," *Carrington*, 35 N.C. App. at 58, 240 S.E.2d at 478.

Further, defendant could not have been misled or surprised as to the nature of the charges against him by substitution in Count III of the indictment of 929 Dollard Town Road for 919 Dollard Town Road where Count VIII in the same indictment correctly designated 929 Dollard Town Road. By means of the amendment prior to the presentation of any evidence, defendant was accorded sufficient notice of the typographical error in Count III and of the proper address to be alleged therein. *See State v. Sisk*, 123 N.C. App. 361, 365, 473 S.E.2d 348, 351 (1996), *aff'd in part, review dismissed in part*, 345 N.C. 749, 483 S.E.2d 440 (1997); *State v. Bailey*, 97 N.C. App. 472, 475-76, 389 S.E.2d 131, 133 (1990); *State v. Marshall*, 92 N.C. App. 398, 401-02, 374 S.E.2d 874, 875-76 (1988).

In sum, the amendment in the case at bar did not substantially alter the charge; defendant was not surprised or deprived of notice of the offense. Therefore, the trial court did not err in allowing the State's pre-evidentiary motion to amend Count III of the indictment to read 929 Dollard Town Road rather than 919 Dollard Town Road.

[2] As noted above, although defendant's counsel presented argument on a single assignment of error, he also requested this Court to conduct, pursuant to *Anders*, a "full examination of the record on appeal for possible prejudicial error . . . to determine whether any justiciable issue has been overlooked." Counsel acknowledged he was "unable to identify any additional issues with sufficient merit to support meaningful argument for relief on appeal." *Anders* applies only where "counsel finds his case to be wholly frivolous, after a conscientious examination," and submits to the appellate court a brief, "referring to anything in the record that might arguably support the appeal," with the request that the court conduct an independent review to ascertain possible prejudice. *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498. In addition, counsel must advise the defendant that he or she has the right to file written arguments with the appeals court, and counsel must provide the defendant with any necessary documents. *See State v. Dayberry*, 131 N.C. App. 406, 408, 507 S.E.2d 587, 589 (1998).

The combination of an argued assignment of error coupled with a request for review pursuant to *Anders* presents an inconsistent and effectively hybrid appeal that is improper and subject to dismissal by this Court. An *Anders* brief is based on the "conclusion that the appeal is *wholly* frivolous," *State v. Kinch*, 314 N.C. 99, 102, 331 S.E.2d 665, 666 (1985) (emphasis added), and that there are no issues suitable to assign as error. Accordingly, assignments of error may not be argued and then supplemented with a request for "partial" *Anders* review. Such a procedure is improper and fails to provide a basis for this Court to conduct an independent examination pursuant to *Anders*. A case may be presented either under the purview of *Anders* as containing *no* apparent issue for appeal or as a case involving one or more issues suitable for appellate review; logically and procedurally, it cannot be brought forward on appeal as both. Although defendant's appeal is thus subject to dismissal, we have elected to exercise our discretion and consider it pursuant to Rule 2.

In the case *sub judice*, defendant's counsel informed defendant by letter dated 17 November 1998 that in counsel's opinion, save for the amendment to Count III of the indictment, there was no error in

defendant's trial and that defendant had the right to file his own arguments with this Court pursuant to *Anders*. Enclosed in the letter were copies of the transcript, the record on appeal, defense counsel's brief, and the State's brief. On 19 February 1999, defendant filed written *pro se* arguments with this Court.

Defendant had no reason to know that the appeal procedure followed by his counsel would be disapproved of by this Court. In accordance with the letter counsel sent him, defendant submitted a *pro se* brief to this Court. We will therefore also consider this *pro se* brief pursuant to Rule 2. We conclude that defendant has raised a meritorious issue.

Defendant was convicted of two counts of keeping and maintaining a dwelling for the use of a controlled substance, in violation of N.C. Gen. Stat. § 90-108(a)(7). Both counts involved undercover purchases made by the same officer at the same dwelling. One offense occurred on 22 July 1997 and the other on 22 August 1997. There was also a third buy for which defendant was not charged. Defendant was convicted of both counts, and consecutive sentences were imposed.

Use of the words "keep or maintain any . . . dwelling house . . . or any place whatever," implies a process of indefinite duration, indicating that the General Assembly intended that a violation of this statute be a continuing offense. *See State v. Mitchell*, 336 N.C. 22, 32, 442 S.E.2d 24, 29-30 (1994). Whether this offense is "continuing" or not is an issue of first impression in North Carolina. Although we previously have upheld convictions for multiple counts of maintaining a dwelling to keep or sell a controlled substance, the issue of the propriety of charging multiple counts was never raised. *See State v. Sanders*, 95 N.C. App. 56, 381 S.E.2d 827 (1989). Because this Court is only bound by decisions actually resolving issues raised by the parties to the appeal, *see Smith v. Nationwide Mutual Ins. Co.*, 97 N.C. App. 363, 370, 388 S.E.2d 624, 629 (1990), *rev'd on other grounds*, 328 N.C. 139, 400 S.E.2d 44 (1991); *cf. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989), the duplicitous nature of multiple charges of maintaining a dwelling remains open.

Our Supreme Court has defined a continuing offense as a "breach of the criminal law not terminated by a single act or fact, but which subsists for a definite period and is intended to cover or apply to successive similar obligations or occurrences." *State v. Johnson*, 212 N.C. 566, 570, 194 S.E. 319, 322 (1937). The evidence presented in this

case showed a continuous, ongoing, and uninterrupted course of action involving this particular dwelling.

North Carolina appellate courts have held that analogous activities are continuing offenses. *See State v. Davis*, 302 N.C. 370, 275 S.E.2d 491 (1981) (illegal possession is a continuing offense beginning at receipt and continuing until divestment); *Johnson*, 212 N.C. 566, 194 S.E.2d 319 (willful failure to support child constitutes continuing offense); *State v. White*, 127 N.C. App. 565, 492 S.E.2d 48 (1997) (kidnaping is single continuing offense, lasting from time of initial confinement until victim regains free will); *State v. Fink*, 92 N.C. App. 523, 375 S.E.2d 303 (1989) (conspiracy continues until conspiracy is accomplished or abandoned). Likewise, other jurisdictions have held that statutes similar to section 90-108(a)(7) imply continuity of action. *See Dawson v. State*, 894 P.2d 672 (Alaska Ct. App. 1995); *People v. Vera*, 82 Cal. Rptr. 2d 128 (Cal. Ct. App. 1999); *Diaz v. State*, 740 A.2d 81 (Md. Ct. App. 1999). Moreover, if maintaining a dwelling were not a continuing offense, the State would be free, as we noted in *White*, to "divide a single act . . . into as many counts . . . as the prosecutor could devise." *White*, 127 N.C. App. at 570, 492 S.E.2d at 51. The dearth of reported North Carolina cases involving more than one count of maintaining a dwelling suggests that district attorneys tacitly recognize that the offense is ongoing and accordingly exercise restraint in drafting indictments.

There is no evidence indicating a termination and subsequent resumption of drug trafficking at this dwelling; to the contrary, the evidence shows that drugs were readily available there on request throughout the investigation. Because the offense is a continuing offense, we hold that two convictions of the statute forbidding the keeping and maintaining of a dwelling for purposes related to use, storage, or sale of controlled substances violates the constitutional prohibition against double jeopardy, *see* U.S. Const. amend. V; N.C. Const. art. 1, § 19, and remand the case to the trial court with instructions to vacate one of the convictions for maintaining a dwelling and to hold a new sentencing hearing.

Finally, we note our review of the remaining assignments of error set forth in the record on appeal or asserted in defendant's *pro se* brief reveals no other issue comprising prejudicial error.

Affirmed in part, reversed in part, and remanded.

Judges WYNN and JOHN concur.