STATE OF NORTH CAROLINA v. MICHAEL S. CALVINO, Defendant

No. COA05-1601

(Filed 15 August 2006)

### 1. Drugs— sale and delivery of cocaine—sufficiency of indictment

An indictment for the sale and delivery of cocaine was fatally defective where the indictment alleged that defendant sold cocaine to a confidential source of information but failed to name the person to whom defendant sold cocaine, and it is undisputed that the State knew the name of the individual to whom defendant sold the cocaine in question.

### 2. Drugs— keeping motor vehicle for purpose of selling controlled substance—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charges of knowingly keeping a motor vehicle for the purpose of selling a controlled substance, because: (1) the focus of the inquiry is on the use, not the contents, of the vehicle; (2) although defendant contends the primary use of his vehicle was as a work van for his legitimate construction business, he cited no cases in support of his primary use argument and also did not testify, present witnesses, or offer evidence about his construction business or vehicle; and (3) a police informant testified that he was sitting in defendant's van when defendant sold him cocaine, and a week later defendant attempted to get defendant to get into the informant's car but instead the informant got into defendant's vehicle.

### 3. Constitutional Law— double jeopardy—multiple counts of keeping motor vehicle for keeping or selling controlled substance—continuing offense

The trial court violated defendant's right against double jeopardy by entering judgment on multiple counts of keeping a motor vehicle for the purpose of keeping or selling a controlled substance, because the offense is a continuing offense.

### 4. Drugs— restitution—amount

The trial court erred when it ordered defendant to pay restitution in a cocaine case without sufficient evidence to support such an award, because: (1) defendant did not stipulate to the amounts on the State's restitution sheet; and (2) no evidence was

introduced at trial or at sentencing in support of the calculation of these amounts.

**5. Evidence— prior crimes or bad acts—motive, opportunity, intent, and knowledge**

The trial court did not abuse its discretion in a double possession with intent to sell and deliver cocaine, selling and delivering cocaine, trafficking in cocaine by possession, and keeping or maintaining a motor vehicle for the purpose of keeping or selling a controlled substance case by admitting evidence of other crimes including defendant attending a yearly party in the mountains for drug users and sellers, because: (1) after defense counsel objected, the trial court held a voir dire in the absence of the jury and determined that it would allow the evidence for the limited purpose of showing defendant's motive, opportunity, intent, and knowledge; (2) the trial court instructed the jury on the limited purpose for which the evidence was being received; and (3) presuming error, such error would not have prejudiced defendant given the other evidence presented in this case.

Appeal by defendant from judgments entered 25 August 2004 by Judge Robert H. Hobgood in the Superior Court in Dare County. Heard in the Court of Appeals 8 June 2006.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

HUDSON, Judge.

In August 2003, a Dare County grand jury indicted defendant for the following seven offenses: two counts of possession with intent to sell and deliver ("PWISD") cocaine, one count of selling and delivering cocaine, one count of trafficking cocaine by possession, one count of trafficking cocaine by transportation, and two counts of keeping or maintaining a motor vehicle for the purpose of keeping or selling a controlled substance. In August 2004, the cases were tried together and a jury acquitted defendant of trafficking in cocaine by transportation and found him guilty of the remaining charges. The trial court sentenced defendant to consecutive sentences totaling 55 to 60 months of imprisonment, with the last 5 to 6 months suspended on a term of probation. The court also assessed defendant $50,000 in

fines and $700 in restitution. Defendant appeals. We find no error in part, vacate in part, and remand for resentencing.

The evidence tends to show that in January 2002, police stopped Justin Freeman in Tyrell County for driving with an expired registration. Freeman consented to a search of his vehicle, which revealed 150.2 grams of cocaine and a firearm. The State dismissed the associated charges against Freeman when the federal government became involved and indicted him for drug and weapon offenses. Facing imprisonment of twenty-five years to life, Freeman agreed to cooperate with the authorities. He spoke with federal authorities, as well as a Dare County investigator, and revealed details about his history of drug-dealing. He reported that he bought drugs in the Western part of the State and sold them in Dare County, where he could realize a 100% mark-up. Freeman stated that in Dare County, he sold the drugs to Zeak Wilmoth, Larry Grubbs, and defendant, Michael Calvino. On 17 April 2003, defendant met with Dare County investigator, Kevin Duprey. Freeman called defendant and the police recorded that phone call, as well as subsequent phone calls and meetings between Freeman and defendant. These recordings were played for the jury at trial.

At trial, Freeman testified that his 17 April 2003 conversation with defendant ended with defendant agreeing to sell Freeman cocaine. On 18 April 2003, Freeman met defendant at a convenience store where he got into defendant's van and purchased two grams of cocaine. Freeman wore an audio recording device. In subsequent phone conversations, Freeman and defendant negotiated another drug deal. This time, defendant agreed to buy two ounces of cocaine from Freeman. On 25 April 2003, the two met and defendant purchased two ounces of cocaine from Freeman; the exchange again took place in defendant's van.

[1] Defendant first argues that the trial court erred in entering judgment against him for sale and delivery of cocaine because the indictment was fatally flawed. We agree. It is well-established that the indictment must state, "the name of the person to whom the accused allegedly sold narcotics unlawfully . . . *when it is known.*" *State v. Martindale,* 15 N.C. App. 216, 218, 189 S.E.2d 549, 550 (1972) (emphasis added). Here, the indictment alleged that defendant sold cocaine to "a confidential source of information," but it is undisputed that the State knew the name of the individual to whom defendant allegedly sold the cocaine in question: Justin Freeman. While the State con-

cedes that these cases appear to favor defendant's position, it contends they were wrongly decided, and argues as such to preserve the issue for further review. However, because such error renders "the indictment [] fatally defective and [it] cannot sustain the judgment in that case," *State v. Long*, 14 N.C. App. 508, 510, 188 S.E.2d 690, 691 (1972), we vacate defendant's conviction for sale and delivery of cocaine.

**[2]** Defendant next argues that the trial court erred in denying his motion to dismiss the charges of knowingly keeping a motor vehicle for the purpose of selling a controlled substance because the State failed to produce sufficient evidence. We disagree. The court should grant a motion to dismiss if the State fails to present substantial evidence of every element of the crime charged. *State v. McDowell*, 329 N.C. 363, 389, 407 S.E.2d 200, 214 (1991). In reviewing the trial court's ruling on a motion to dismiss, we must evaluate the evidence in the light most favorable to the State, resolving all contradictions in the State's favor. *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983). Ultimately, we must determine "whether a reasonable inference of the defendant's guilt may be drawn from the circumstances." *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). N.C. Gen. Stat..§ 90-108(a)(7) (2002) provides that

> [i]t shall be unlawful for any person . . . . [t]o knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article.

*Id.* On appeal, defendant argues that there was insufficient evidence presented to show that his vehicle was used for keeping or selling controlled substances and that the evidence was "insufficient to prove the vehicle alleged." The North Carolina Supreme Court has held that "[t]he focus of the inquiry is on the use, not the contents, of the vehicle." *State v. Mitchell*, 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994). "The determination of whether a vehicle . . . is used for keeping or selling controlled substances will depend on the totality of the circumstances." *Id.* Here, defendant argues that his primary use of his vehicle was as a work van for his legitimate construction business, not for engaging in drug transactions. However, defendant cites no cases in support of his "primary use" argument. Moreover, defendant did not testify or present witnesses and offered no evidence about his

construction business or his vehicle. In contrast, Freeman testified that he was "sitting in [defendant's] van" when Freeman sold defendant cocaine. Freeman also testified that a week later, he attempted to get defendant to get into the car he was driving, but instead defendant had Freeman get into defendant's "white, I think, Chevrolet work van . . . [the] same van . . . [he] recalled getting in a week prior." Both of these transactions were observed and recorded by police. Viewing the evidence in the light most favorable to the State, we conclude that the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence.

**[3]** In his next argument, defendant contends that even if the evidence supported a conviction of keeping a motor vehicle for the purpose of keeping or selling a controlled substance, the trial court erred in entering judgment on multiple counts of this offense. We agree. The State concedes that one of defendant's two convictions for this offense must be vacated because the evidence here only supports a single continuing offense. In *State v. Grady*, the defendant was convicted for two counts under N.C. Gen. Stat. § 90-108(a)(7), which resulted from two undercover drug transactions made one month apart at the same dwelling. 136 N.C. App. 394, 400, 524 S.E.2d 75, 79 (2000). This Court concluded that double jeopardy prohibits conviction for two counts under N.C. Gen. Stat. § 90-108(a)(7), as "the offense is a continuing offense." *Id.* Accordingly, we vacate one of the convictions for keeping or maintaining a vehicle for the purpose of keeping or selling a controlled substance.

**[4]** Defendant next argues that the trial committed reversible error when it ordered him to pay restitution without sufficient evidence to support such an award. We agree. The State concedes the error here. Our Courts have repeatedly held that the restitution amount requested by the State must be supported by "evidence adduced at trial or at sentencing." *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995). Here, at the sentencing hearing, the prosecutor noted that the State had a "restitution sheet" requesting reimbursement from defendant of $600 for SBI "lab work," and $100 to the "Dare County Sheriff's Office Special Funds." However, defendant did not stipulate to these amounts and no evidence was introduced at trial or at sentencing in support of the calculation of these amounts. We vacate the restitution order and remand for a hearing on the matter at resentencing.

**[5]** Finally, defendant asserts that the trial court erred in admitting evidence of other crimes. We disagree. Here, over defense objection,

the State introduced evidence that defendant had attended a yearly fall gathering known as the "damned if I know party" in Yadkinville, which was a convention of sorts, held every year in the mountains, for drug users and sellers. Mr. Freeman testified that he had attended the gathering five times and that he had seen defendant at the party before. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003) provides that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person or that he acted in conformity therewith." *Id.* However, such evidence may be admissible for other purposes such as proof of motive, opportunity, intent and knowledge. *Id.* On appeal, we review the trial court's ruling which admitted 404(b) evidence for abuse of discretion. *State v. Hyatt*, 355 N.C. 642, 662, 566 S.E.2d 61, 74 (2002). Here, when defense counsel objected, the trial court held a *voir dire* in the absence of the jury and determined that it would allow the evidence for the limited purpose of showing defendant's motive, opportunity, intent, and knowledge. The trial court instructed the jury on the limited purpose for which the evidence was being received. We conclude that the trial court did not abuse its discretion. Furthermore, presuming error, we are not persuaded that such error would have prejudiced defendant, given the other evidence presented in this case. We overrule this assignment of error.

No error in part, vacated in part, and remanded for resentencing.

Judges McCULLOUGH and TYSON concur.