**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4788

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY LEE WATSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:03-cr-00220-6)

Submitted: July 2, 2007          Decided: July 24, 2007

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Lee Watson appeals from his conviction for possession with intent to distribute a quantity of cocaine base (crack), and the life sentence imposed. For the reasons that follow, we affirm Watson's conviction but vacate his sentence and remand for resentencing.

Watson was indicted and charged with one count of conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841. The government filed a notice to seek enhanced penalties pursuant to 21 U.S.C. § 851 (2000), based on Watson's convictions in November 1997 of two counts of maintaining a vehicle for the keeping of drugs, in violation of N.C. Gen. Stat. Ann. § 90-108(a)(7) (West 2006).

Following a jury trial, Watson was adjudged guilty of the possession with intent to distribute charge, and acquitted on the conspiracy charge. At sentencing, Watson objected to the use of his North Carolina convictions to enhance his sentence under § 841, contending that they did not qualify as prior convictions for a felony drug offense and also that those convictions were part of the same transaction and therefore could only count as one prior conviction. The district court rejected these arguments and sentenced Watson to a mandatory life sentence.

- 2 -

Watson first argues that the district court erred by admitting evidence that he did not file federal or state tax returns for the years 1998 through 2003. Watson asserts that his failure to file tax returns from 1998 to 2001 was irrelevant, because this conduct preceded the time period alleged in the indictment. He further asserts that the evidence of his failure to file income tax returns during the period of the alleged conspiracy was unduly prejudicial under Fed. R. Evid. 403 and 404(b).

The government introduced the certifications along with evidence that Watson owned three Cadillacs registered in his name, as proof of "unexplained wealth," which amounted to circumstantial evidence of possible illegal activity. This evidence was therefore probative of whether Watson was involved in the drug conspiracy charged in the indictment. See United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir. 1986); United States v. Penny, 60 F.3d 1257, 1263 (7th Cir. 1995). We find no abuse of discretion by the district court in determining that the evidence of Watson's failure to file tax returns—both before and during the time of the alleged conspiracy—was admissible. See United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005) (providing standard).

Watson next contends that his sentence was improperly enhanced based on prior convictions, which were not alleged in the indictment and found by a jury beyond a reasonable doubt. As Watson acknowledges, this argument is foreclosed by Almendarez-

<u>Torres v. United States</u>, 523 U.S. 224 (1998), and <u>Shepard v. United States</u>, 544 U.S. 13 (2005). <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282 (4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1463 (2006); <u>United States v. Cheek</u>, 415 F.3d 349, 352 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 640 (2005).

Watson also argues that the district court incorrectly determined that his two prior state convictions for maintaining a vehicle for the keeping or selling of drugs, in violation of N.C. Gen. Stat. Ann. § 90-108(a)(7), constituted a felony drug offense and subjected him to the enhanced penalties under 21 U.S.C. § 841(b)(1)(A). Watson contends that his offenses were not felony offenses because the maximum sentence he faced on these charges was ten months' imprisonment.

In <u>United States v. Jones</u>, 195 F.3d 205, 206-07 (4th Cir. 1999), this court held that a prior North Carolina conviction qualified as a "crime punishable by imprisonment for a term exceeding one year" if <u>any</u> defendant charged with that offense could be sentenced to greater than one year of imprisonment. <u>See</u> <u>United States v. Harp</u>, 406 F.3d 242, 246-47 (4th Cir. 2005) (reaching same conclusion in context of career offender enhancement). Watson urges this court not to follow <u>Harp</u> and <u>Jones</u>, but rather to adopt the rationale of the Tenth Circuit, which concluded that the relevant inquiry is the maximum sentence the particular defendant could receive, not the maximum aggravated

- 4 -

sentence any defendant could receive. United States v. Plakio, 433 F.3d 692, 697 (10th Cir. 2005). We decline to adopt this contrary rationale. See United States v. Chong, 285 F.3d 343, 346 (4th Cir. 2002) (one panel of this court cannot overrule another). Thus, we uphold the district court's conclusion that Watson's North Carolina conviction qualified as a prior felony drug offense because any defendant charged with that crime could receive a sentence of more than one year.

Lastly, Watson contends that the district court erred in finding that his prior state convictions constituted two separate felony drug offenses under 21 U.S.C. § 841(b)(1)(A), thus subjecting him to a mandatory life sentence. He argues that the maintaining of a vehicle is a continuing offense under North Carolina law and therefore the charges of maintaining a vehicle in December 1996 and in January 1997 were part of a single criminal episode. The Government concedes this issue, agreeing that the two offenses should be counted as a single offense.

We agree. Section 90-108(a)(7) prohibits the "keep[ing] or maintain[ing of] any . . . vehicle . . . which is resorted to by persons using controlled substances . . . , or which is used for the keeping or selling of [controlled substances]." The North Carolina Supreme Court held that "this statute does not prohibit the mere temporary possession of marijuana within a vehicle" but rather prohibits the "possession that occurs over a duration of

time." State v. Mitchell, 442 S.E.2d 24, 32 (N.C. 1994); see State v. Frazier, 542 S.E.2d 682, 686 (N.C. App. 2001) (requiring possession over a duration of time for conviction under § 90-108(a)(7)). Absent evidence "indicating termination and subsequent resumption" of the illegal activity, multiple charges or convictions of maintaining a place to keep controlled substances should be counted as one criminal episode. State v. Grady, 524 S.E.2d 75, 79 (N.C. App. 2000).

As the parties note, there is no evidence that Watson's maintaining of the vehicle for the purpose of keeping or selling drugs on December 19, 1996, was a separate offense from the conduct of keeping or maintaining a vehicle for that purpose on January 13, 1997. There was no intervening arrest and no evidence of Watson having terminated and then resumed that conduct between the two dates charged. Accordingly, we find that the two charges should count as only one prior conviction for a felony drug offense, rather than two, and Watson's statutory sentencing range should "not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). Accordingly, we vacate Watson's life sentence and remand for resentencing within the statutory sentencing range of twenty years to life.

In conclusion, although we affirm Watson's conviction, we vacate his sentence and remand for resentencing based on one, rather than two, prior convictions for a felony drug offense.

Additionally, we deny Watson's motions for substitution of counsel for this appeal and to place the appeal in abeyance until new counsel files a new or supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>