An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-270

Filed: 15 September 2015

Union County, No. 11 CRS 50441

STATE OF NORTH CAROLINA

v.

ANDRE RASHON MOSER

Appeal by defendant from judgment entered 20 August 2014 by Judge Julia Gullett in Union County Superior Court. Heard in the Court of Appeals 10 August 2015.

> *Roy Cooper, Attorney General, by Michael T. Henry, Assistant Attorney General, for the State.*

> *Guy J. Loranger for defendant-appellant.*

DAVIS, Judge.

Andre Rashon Moser ("Defendant") appeals from the portion of the trial court's judgment awarding restitution in the amount of $88,880.36 in connection with his conviction for misdemeanor assault inflicting serious injury. On appeal, he contends that the trial court's restitution award was not supported by competent evidence. After careful review, we vacate the trial court's restitution order and remand for further proceedings.

## Factual Background

The State presented evidence at trial tending to establish the following facts: On 21 January 2011, Defendant, James Robinson ("Robinson"), and two other individuals were intoxicated and driving back from the Monroe Mall to Defendant's house in the Quality Hill neighborhood in Monroe, North Carolina. Upon arriving at Defendant's home, Defendant and Robinson remained in the back of the car while the other two individuals exited the vehicle and walked around to the side of the house. Defendant then proceeded to beat Robinson on the left side of his face, causing Robinson to suffer extensive bone fractures that ultimately led to his requiring facial reconstructive surgery.

On 4 April 2011, Defendant was indicted for assault inflicting serious bodily injury. A jury trial was held in Union County Superior Court on 18 August 2014 before the Honorable Julia Gullett.

On 20 August 2014, the jury found Defendant guilty of the lesser included offense of misdemeanor assault inflicting serious injury. The trial court sentenced Defendant to 60 days imprisonment and ordered him to pay $88,880.36 in restitution. Defendant gave notice of appeal in open court.

## Analysis

Defendant's sole argument on appeal is that the trial court's $88,880.36 restitution award was not supported by competent evidence in violation of N.C. Gen. Stat. § 15A-1340.36(a). We agree.

N.C. Gen. Stat. § 15A-1340.36(a) states, in pertinent part, that "[t]he amount of restitution must be limited to that supported by the record[.]" N.C. Gen. Stat. § 15A-1340.36(a) (2013). While acknowledging the State's evidence "about the medical treatment [Robinson] received for his facial injuries," Defendant contends the trial court received no evidence about the actual cost of Robinson's treatment. The State concedes the absence of "sufficient competent evidence in the record to support the trial court's specific award of $88,880.36[,]" and asks this Court to remand "for a new hearing to calculate the correct amount of restitution."

Our Supreme Court has held that absent a stipulation by the parties, the amount of a restitution award "must be supported by evidence adduced at trial or at sentencing." *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995). Neither a prosecutor's unsworn statement nor a restitution worksheet is sufficient to support a restitution award. *See State v. Mauer*, 202 N.C. App. 546, 552, 688 S.E.2d 774, 778 (2010) ("[A] restitution worksheet, unsupported by testimony or documentation, is insufficient to support an order of restitution."); *State v. Calvino*, 179 N.C. App. 219, 223, 632 S.E.2d 839, 843 (2006) ("[A]t the sentencing hearing, the prosecutor noted that the State had a 'restitution sheet' requesting reimbursement from defendant . .

. However, defendant did not stipulate to these amounts and no evidence was introduced at trial or at sentencing in support of the calculation of these amounts. We vacate the restitution order and remand for a hearing on the matter at resentencing."). Moreover, "no objection is required to preserve for appellate review issues concerning the imposition of restitution." *State v. Smith*, 210 N.C. App. 439, 443, 707 S.E.2d 779, 782 (2011).

In the present case, Defendant asserts and the State concedes that the trial court received neither evidence nor a stipulation from the parties regarding the specific amount of restitution owed by Defendant.[1] Instead, the trial court merely adopted the sums reflected on a worksheet tendered by the prosecutor. Therefore, we hold that there was no competent evidence to support the trial court's restitution award. Accordingly, we vacate the portion of the trial court's judgment ordering restitution and remand for the trial court to determine the amount of restitution supported by the evidence. *See State v. Moore*, 365 N.C. 283, 286, 715 S.E.2d 847, 849-50 (2011) ("We conclude that the appropriate course here is to remand for the trial court to determine the amount of damage proximately caused by defendant's conduct and to calculate the correct amount of restitution.").

---

[1] The record on appeal includes an award from the North Carolina Victims Compensation Commission reflecting its payment of $29,366.00 to Robinson's various medical providers. Although the Department of Public Safety's Office of Victim Services filed this document with the Union County Clerk of Superior Court approximately four months prior to Defendant's trial, we find no indication that this information was before the trial court.

Defendant also contends, and the State concedes, that the trial court made a clerical error in its judgment by referencing the incorrect statute upon which Defendant's conviction was based. The trial court referenced N.C. Gen. Stat. § 14-33(b)(1) — which has been repealed — in its judgment instead of N.C. Gen. Stat. § 14-33(c)(1), which is the statute applicable to Defendant's offense. Accordingly, we remand for correction of this clerical error. *See State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." (citation and quotation marks omitted)).

## Conclusion

For the reasons stated above, we vacate the trial court's restitution order and remand for further proceedings consistent with this opinion.

RESTITUTION ORDER VACATED AND REMANDED.

Judges STROUD and INMAN concur.

Report per Rule 30(e).